[No. 14496.    In Bank. — May 5, 1892.]

ANNIE NEALE ET AL., RESPONDENTS, *v.* DEPOT RAILWAY COMPANY, APPELLANT.

NEW TRIAL — MOTION UPON MINUTES OF COURT — NOTICE OF INTENTION — SPECIFICATIONS. — Where a motion for a new trial is made upon the minutes of the court, upon the ground of insufficiency of the evidence or for errors of law occurring at the trial, the motion must be denied if the specifications required by the fourth subdivision of section 659 of the Code of Civil Procedure have not been made in the notice of intention to move for a new trial.

ID. — "NOTICE OF MOTION" — CONSTRUCTION OF CODE — SPECIFICATIONS IN NOTICE OF HEARING. — The "notice of motion" referred to in subdivision 4 of section 659 of the Code of Civil Procedure is the same as the "notice of intention to move for a new trial," mentioned in subdivision 1 of that section; and a party moving for a new trial upon the minutes of the court, who has failed to make the required specifications in his notice of intention to move for a new trial, cannot cure the defect after the expiration of the time for giving notice of his intention to make the motion by giving an additional notice that he would "bring on for hearing his motion for a new trial," and annexing thereto a formal motion for a new trial, together with specifications of particulars in which the evidence was insufficient and of the errors of law relied upon.

HUSBAND AND WIFE — COMMUNITY PROPERTY — DAMAGES FOR PERSONAL INJURY TO WIFE. — The right to recover damages for a personal injury, as well as the money recovered as damages, is property, and may be regarded as a chose in action; and if acquired by the wife during coverture, is community property, which the husband has the right to control.

ID. — ACTION FOR INJURY TO WIFE — JOINT JUDGMENT. — In an action by husband and wife to recover damages for a personal injury to the wife, judgment may properly be rendered in favor of the husband and wife jointly.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*John Haynes*, for Appellant.

The proceedings to secure a new trial were a strict and technical compliance with the statute; but if they were not, they were a substantial compliance at least, and any departure from the strict letter of the statute was not prejudicial to the respondent. (See *Kimple* v. *Conway*, 69 Cal. 71; *Heinlen* v. *Heilbron*, 71 Cal. 559; Civ. Code,

sec. 3528; Code Civ. Proc., sec. 4.) Although for personal injuries the wife must make the husband a party plaintiff (*Sheldon* v. *Steamship Uncle Sam*, 18 Cal. 526; Pomeroy on Remedies, secs. 242–244), yet for special damages to the husband, by reason of injury to his wife, he must sue alone, and these causes of action cannot be joined. (*Tell* v. *Gibson*, 66 Cal. 247.) It would seem to be clear, therefore, that the husband is not entitled to recover for those injuries which are personal to the wife and which do not in any manner affect him. (See *Calderwood* v. *Pyser*, 31 Cal. 333.)

*Willis & Appel, C. C. Stephens,* and *J. A. Donnell,* for Respondents.

The motion for a new trial was properly denied, as there were no specifications of the insufficiency of the evidence, or of the errors relied upon, made in the notice of intention to move for a new trial. The statute is mandatory, and when the notice of motion fails to specify the particulars in which the evidence is alleged to be insufficient, it becomes the duty of the court to deny the motion for a new trial. (*Shaw* v. *Randall*, 15 Cal. 386; *Corbett* v. *Bradley*, 7 Nev. 106; *In re Dickenson*, L. R. 51 Ch. Div. 736; *Seymore* v. *Judd*, 2 N. Y. 464; *Lower* v. *Knox*, 10 Cal. 480.) The notice mentioned in subdivision 4 of section 659 of the Code of Civil Procedure, in which the specifications must be contained, is the notice mentioned in the head-notes of section 659. (*Weyl* v. *Sonoma Valley R. R. Co.*, 69 Cal. 204.) As to the point that the judgment was rendered upon the verdict in favor of both of the plaintiffs, we may say that it has been long decided in this state that in an action for damages for personal injuries to the wife, the husband must be made a party plaintiff, and can jointly recover with his wife. (*Matthew* v. *Central Pacific R. R. Co.*, 63 Cal. 450; *Sheldon* v. *Uncle Sam Co.*, 18 Cal. 535; *Fuller* v. *N. R. R. Co.*, 21 Conn. 574; *Baldwin* v. *Second Street etc. R. R. Co.*, 77 Cal. 390; Code Civ. Proc., sec. 370.) The right to recover damages for a personal injury, as

well as the money recovered, is property, and may be re-
garded as a chose in action; and if the right is acquired
by the wife during coverture, it is community property,
over which the husband has the control. (*McFadden*
v. *Santa Ana etc. R'y Co.*, 87 Cal. 467; Civ. Code, secs.
162–164.)

VANCLIEF, C. — The plaintiffs are husband and wife,
and brought this action to recover damages for personal
injuries to the wife, through the negligence of the de-
fendant.

The verdict and judgment were in favor of plaintiffs
for damages in the sum of $250.

In due time defendant served notice of intention to
move for a new trial, on the grounds, — 1. Of accident
and surprise, etc.; 2. Of newly discovered evidence, etc.;
3. Of insufficiency of the evidence to justify the verdict,
and that it is against law; and 4. Error in law occurring
at the trial, etc.; and that the motion would be made
upon the minutes of the court, and upon affidavits of
newly discovered evidence; but this notice did not state
any particular in which the evidence was alleged to be
insufficient, nor any particular error in law.

Thirty-five days after the rendition of the verdict of
the jury, to wit, on December 20, 1890, the defendant's
attorney notified the attorneys for plaintiffs, in writing,
that he would " bring on for hearing his motion for a
new trial, . . . . a copy of which is hereto attached and
herewith served," on the twenty-sixth day of December,
1890.

Attached to this notice was a formal motion for new
trial, together with specifications of particulars in which
the evidence was insufficient, and in which the verdict
was against law, and concluding as follows: " This mo-
tion is made pursuant to a notice, heretofore duly given,
of the defendant's intention to move for a new trial
upon the minutes of the court in said cause."

No affidavits were filed in support of the motion.

The court denied the motion on the express ground

"that defendant's notice of intention to move for a new trial, filed and served on November 24, 1890, does not specify any particulars in which the evidence is insufficient to justify the verdict, nor any error of law on which defendant proposed to rely, there being no statement of the case proposed, nor any affidavits."

The appeal is from this order and the judgment upon the judgment roll, including a bill of exceptions showing the facts above stated.

I think the order is clearly right, as it appears to be in strict obedience to the fourth subdivision of section 659 of the Code of Civil Procedure, which is as follows: "When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; and if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party, the notice must specify the particular errors upon which the party will rely. If the notice do not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied."

Where a motion for new trial is made upon the minutes of the court, a failure to make the required specifications in the notice of intention to move for new trial is subject to same consequences as a failure to make like specifications in a statement on motion for new trial, when the motion is made upon such statement, viz., that "the motion *must* be denied." (*Weyl* v. *Sonoma Valley R. R. Co.*, 69 Cal. 203.) In the latter class of cases, this penalty has been enforced by this court in cases too numerous to require citation. The code mandate is the same in both classes.

Counsel for appellant, however, claims a distinction on the ground that the words "notice of motion," in the fourth subdivision of section 659, does not mean "notice of *intention* to move for a new trial," in the sense of the first paragraph of that section, and claims

that the specifications annexed to his notice that he would "bring on for hearing his motion for a new trial," given long after the expiration of the time for giving notice of his intention to make the motion, constituted a sufficient compliance with the fourth subdivision of the section above quoted. This construction needs no other refutation than the reading of the whole section.

The objection that the judgment was improperly given in favor of the husband and wife jointly is answered by the case of *McFadden* v. *Santa Ana etc. R'y Co.*, 87 Cal. 467, where it is said: —

"The right to recover damages for a personal injury, as well as the money recovered as damages, is property, and may be regarded as a chose in action (*Chicago etc. R. R. Co.* v. *Dunn*, 52 Ill. 260; 4 Am. Rep. 606; Anderson's Law Dict.); and if this right to damages is acquired by the wife during marriage, it, like the damages when recovered in money, is, in this state, community property of the husband and wife (Civ. Code, secs. 162–164, 169), of which the husband has the management, control, and absolute power of disposition other than testamentary."

I think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.