[L. A. No. 343. Department One.—October 1, 1898.]

## A. H. CUMMINGS, Respondent, v. JOHN J. O'BRIEN, Appellant.

EVIDENCE—LAW OF ANOTHER STATE—QUESTION OF FACT AND LAW.— The law of another state on which depended the obligation of a judgment of that state sued upon in a court of this state, may be proved as a fact; though the effect of the law, when proved, is a legal question for the court.

ID.—PARTIES—PRESUMPTIONS UPON APPEAL.—Upon appeal from a judgment rendered in this state upon a deficiency judgment rendered in another state, where the record shows that the law of the other state was proved, but its tenor is not disclosed by the record, it cannot be presumed that the failure to make the grantee of the mortgagor a party to the foreclosure rendered the judgment void; but it must be presumed that the court properly

considered the evidence, and correctly inferred therefrom that, under the proved law of the other state, the former judgment was rendered by the court in the due exercise of its jurisdiction, and was in all respects valid.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. H. Clark, Judge.

The facts are stated in the opinion.

Jesse F. Waterman, for Appellant.

James G. Garrison, Goodrich & Garrison, and Goodrich & McCutchen, for Respondents.

BRITT, C.—Cummings sued O'Brien in one of the district courts of the state of Texas to foreclose a mortgage on lands situated in that state, which mortgage was given by O'Brien as security for payment of his promissory note to Cummings; intermediate the execution of the note and mortgage and the commencement of that action O'Brien conveyed the lands affected to a third person, of which conveyance Cummings, it seems, had notice; such third person was not made a party to said action. Said district court, however, had jurisdiction of causes of that nature, and O'Brien himself appeared by attorney in the case; judgment was rendered in Cummings' favor, and thereunder a sale of the land was made; the proceeds were insufficient to discharge the debt, and by the terms of the judgment O'Brien was personally liable for the balance. The present action in our courts is on said judgment to recover the amount of such deficiency; at the trial, as appears from the record here, the plaintiff, having made proof of the judgment, et cetera, in the Texas court, then "introduced in evidence the revised statutes of Texas to show the regularity of the proceedings had and taken in the case while pending in the said district court, and to rebut the presumption that the laws of Texas were the same as the laws of California." The superior court rendered judgment for plaintiff and afterwards denied a new trial.

On appeal, the only point made is that the judgment of the court in Texas was wholly void for the reason that the grantee of O'Brien by deed subsequent to the mortgage was not before

that court as a party defendant. If, as appellant argues, notwithstanding the provision of subdivision 16 of section 1963, Code of Civil Procedure, we ought to presume, when no evidence on the subject appears, that the law of Texas is the same as that of California in determining the validity of a judgment of that state drawn in question here, and allowing (though without deciding) that a judgment in an action of foreclosure, to which the holder of the legal title is not a party, would by the law of this state be a nullity —still, in this instance, there was evidence of the law of Texas before the court, and the reason for indulging presumption was removed. It was competent to prove as a fact the law of that state on which depended the obligation of the former judgment, though the effect of the law when proved was a legal question for the court. The statutes of Texas were received in evidence for that purpose; their tenor is not disclosed by the record, but we must assume, in the absence of any further showing, that the trial court rightly inferred therefrom that the former judgment was rendered by said district court of Texas in the due exercise of its jurisdiction under the law as thus proven, and was in all respects valid. The judgment and order appealed from should be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.