[Civ. No. 752.   Second Appellate District.—February 11, 1910.]

## MINNIE JUSTIS, and CHARLES JUSTIS, Respondents, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Corporation, Appellant.

COLLISION OF RAILWAY TRAINS—ACTION FOR INJURY TO PASSENGER—BREACH OF CONTRACT FOR SAFE CARRIAGE—CODE PROVISIONS—ACTION DISTINGUISHED.—An action to recover damages as the result of a collision of railway trains occurring in Arizona while the female plaintiff was riding as a passenger on one of them under a contract for safe carriage from Los Angeles to Kansas City, in which plaintiffs were entitled to instructions based on the rule prescribed in section 2100 of the Civil Code, that "a carrier of passengers for reward must use the utmost care and diligence for their safe carriage," is clearly distinguished from ordinary actions in tort.

ID.—RIGHT OF ELECTION AT COMMON LAW.—Even at common law the party injured might, in such case, elect between the breach of the contract to deliver him in safety and the wrong which justified an action *ex delicto.*

ID.—COMPLAINT BASED UPON BREACH OF CONTRACT—EFFECT OF TICKET.—The complaint here states a cause of action for violation of the obligation to carry the female plaintiff in safety to her destination, as evidenced by the ticket sold to her at Los Angeles. Though the ticket, considered alone, does not state all the terms of the contract made, yet it is evidence that there was a contract; and it is sufficient that the facts stated in the complaint show a cause of action based upon the contract created by the purchase of the ticket and the provisions of the code.

ID.—PLACE OF CONTRACT—IMPLIED TERMS—INTERPRETATION.—The contract of carriage upon which the action is based was made at Los Angeles, in this state, and its implied terms are to be supplied from the laws of California, and it is to be interpreted by the laws of this state.

ID.—RIGHT TO RECOVER DAMAGES—COMMUNITY PROPERTY.—The right to recover damages for injury to a passenger is property in this state; and when acquired after marriage by husband or wife, or both, it is community property.

ID.—ACTION FOR INJURY TO WIFE AS PASSENGER—COMMUNITY PROPERTY—HUSBAND A NECESSARY PARTY.—The right of action for injury to the wife as a passenger in breach of the contract of carriage and the money recovered therein is community property, and the wife cannot sue to recover the same without joining her husband

as a party thereto. The husband and wife may join in the action as coplaintiffs.

ID.—INCOMPETENCY OF WIFE—RELEASE OF COMMUNITY RIGHT—ELECTION OF REMEDY.—The wife alone had no power to execute a release to the defendant of the community claim for damages; nor could she elect the form of the action in which the damages for the injury to herself as a passenger could be recovered.

ID.—CONSTRUCTION OF LAWS OF ARIZONA—SUPPORT OF FINDING.—*Held*, that under a proper construction of the laws of Arizona, where the collision occurred, the evidence thereof supports the finding of the court that "under the laws of Arizona a cause of action for personal injuries to the wife, and the fruits thereof, were community property," and the general provisions introduced served merely to confirm the presumption which should have governed the decision of the trial court if no such evidence had been introduced.

ID.—ARIZONA LAW AS TO INJURY TO NONRESIDENT PASSENGER—INCORPORATION OF LAW OF DOMICILE.—A nonresident wife whose only domicile is in California, who was injured while traveling as a passenger in Arizona, is not governed by a local law of Arizona relating to married women who are residents thereof, or who have moved therein. In such case the established rule applies that the law of the domicile of the husband and wife must control as to their right of action to recover damages for such injury; and in the absence of any statute to the contrary, the laws of Arizona will be deemed to incorporate the laws of California as to such right of recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, and A. H. Van Cott, for Appellant.

C. F. McNutt, and McNutt & Hannon, for Respondents.

TAGGART, J.—This is an action to recover damages for injuries received by the plaintiff Minnie Justis while riding as a passenger upon one of defendant's trains through the territory of Arizona, she having a ticket, issued by defendant's agent, entitling her to passage from Los Angeles, California, to Kansas City, Missouri. Judgment was for plaintiffs in the sum of $1,975, and defendant appeals from the judgment.

The principal defense of appellant was based upon a written release and settlement of all damages arising from the injury, and a receipt therefor, signed by Mrs. Justis while on the train in the state of Kansas two days after the collision in which she was hurt. It is contended by appellant that, under the law of Arizona, and particularly under certain sections of the Revised Statutes of that territory which were read into the record and considered as evidence, without objection, the damages which could be recovered by plaintiffs, or either of them, on the cause of action stated, became and were the separate estate of the wife, and not the property of the community.

We are much inclined to the view of respondents' counsel that the discussion of the cause of action before us upon the theory that it is an ordinary action sounding in tort has "led us a chase in the wilderness." Section 2100 of the Civil Code of the state provides that "a carrier of persons for reward must use the utmost care and diligence for their safe carriage," etc. In applying this section to instructions given in cases relating to injury to passengers of common carriers, the rule relating to such cases clearly distinguishes them from ordinary actions in tort. (*Kline* v. *Santa Barbara,* 150 Cal. 741, [90 Pac. 125]; *Valente* v. *Sierra Ry.,* 151 Cal. 534, [91 Pac. 481].) Even at common law the party injured might in such a case elect between the breach of the contract to deliver him in safety and the wrong which justified an action *ex delicto.* (*Sheldon* v. *Steamship Uncle Sam,* 18 Cal. 527, 534, [79 Am. Dec. 193].)

The complaint here states a cause of action against the defendant for a violation of the obligation assumed by it to carry Mrs. Justis in safety to her destination, as indicated by the ticket which its agent sold to her. While the ticket purchased by her, when considered alone, might be deemed merely a receipt, containing only a part of the contract made, yet it was evidence that there was a contract. It was evidence of the payment of her fare and of her right to be carried according to its terms, even though it did not express all the terms of the contract. (*Sloane* v. *Southern Cal. Ry. Co.,* 111 Cal. 685, [44 Pac. 320]; *Ames* v. *Southern Pacific Co.,* 141 Cal. 728, 732, 734, [99 Am. St. Rep. 98, 75 Pac. 310].) The facts alleged in the complaint sufficiently state

12 Cal. App.—41

a cause of action based upon the contract created by the purchase of the ticket and the provisions of the code. The findings are sufficient to sustain a judgment upon the same theory. We may then consider the cause of action as one based upon a contract. So regarded, the contract was made at Los Angeles, its implied terms are to be supplied from the laws of the state of California, and it is to be interpreted by the laws of this state.

The right to recover damages for such an injury by a judicial proceeding is property in this state (Civ. Code, sec. 953) ; and when acquired after marriage by husband or wife, or both, it is community property. (Civ. Code, sec. 164; *McFadden* v. *Santa Ana,* 87 Cal. 464, [25 Pac. 681] ; *Neale* v. *Railway Co.,* 94 Cal. 425, [29 Pac. 954].) The right of action for an injury to the wife and the money recovered therefrom being community property, the wife could not bring an action without making her husband a party, and could not, of course, alone, execute a release or satisfaction of the obligation. The husband and wife, however, may join in such an action. (*Williams* v. *Casebeer,* 126 Cal. 82, [58 Pac. 380] ; *Paine* v. *San Bernardino,* 143 Cal. 658, [77 Pac. 659].) As the wife alone could not release the obligation of defendant to the community for her injury, neither could she elect the form of action in which the damages for that injury could be recovered.

While the complaint and findings, in the absence of demurrer to the former, sustain the judgment upon the theory that the action is on the contract, the complaint supports and the evidence justifies the finding of the trial court that, "under the laws of Arizona, a cause of action for such personal injuries to the wife and the fruits thereof were community property," if the action be considered as based upon the tort instead of the contract. The same conclusion would be reached whether the Arizona law introduced is considered as "evidence," or as a law to be construed as such, notwithstanding it is required by the statute to be introduced in evidence in the same manner as the facts in the case. (Code Civ. Proc., secs. 1900, 1901, 1902 and 1963; *Cummings* v. *O'Brien,* 122 Cal. 204, [54 Pac. 742].)

Of the sections of the Revised Statutes of Arizona contained in the record only sections 3104, 3106 and 3111 need

be specially mentioned, as these are the ones chiefly relied upon to sustain appellant's view that the wife had authority to discharge the claim for damages. Section 3106 provides: "Hereafter married women of the age of eighteen years and upwards shall have the same legal rights as men of the age of twenty-one years and upwards, except the right of suffrage and of holding office, and *except the right to make contracts binding the common property of husband and wife,"* etc. (The italics are ours.) Section 3104 is as follows: "All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived, or may live, separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture personal property may be disposed of by the husband only; but the wife must join in all deeds and mortgages affecting real estate, except unpatented mining claims." The section which furnishes the basis for most of the arguments in the briefs is section 3111, which reads as follows: "The marital rights of persons married out of this territory, who may move to this territory, shall, in regard to property acquired in this territory, during the marriage, be regulated by the laws of this territory."

Considered alone, the last section does not affect the material rights of the plaintiffs here, since they are not persons married out of the territory who have moved into it, but are residents of the state of California. Appellant contends, however, that by the application of the rule *expressio unius,* etc., to this section, the general rule declared in section 3106 would govern, and therefore the wife, by the law of Arizona, .would have the same legal rights of contract in relation to injuries to herself that any man of twenty-one would have as to injuries received by him. We cannot accept this interpretation of the section. The general effect of the statutes of Arizona before us, other than section 3111, is to declare the law of that territory with respect to common property to be practically the same as that of this state, and the introduction in evidence of these statutes served merely to confirm the presumption which should have governed the decision of the superior court in which the case was tried,

if no such evidence had been introduced.    (*In re Hancock's Estate,* 156 Cal. 804, [106 Pac. 58].)    The effect of section 3111 was to bring within the operation of the laws of the territory relating to marital rights in property acquired in the territory the one class, to wit: persons married out of the territory who have moved into it.    If the rule invoked by appellant were applied here, all persons not mentioned must be excluded and all other classes, including persons married in the territory, as well as those married elsewhere, who had not moved into the territory, would, as to property acquired by them in the territory, be excluded from the benefit of the laws of the territory affecting marital rights.    It is apparent that the legislature of the territory never intended such a result.

Respondents contend that the section is but the useless relict of a departed condition; a condition which existed at the engrafting of community rights into the American system in all the Pacific Coast states and territories when that territory became a part of the United States, and which, having served its purpose, has, in all the other jurisdictions, been removed from the statute books by appropriate legislation. There is much to sustain this view, but we do not think we are driven to the necessity of accepting either the impossible and inconsistent construction of section 3111 by appellant, or to eliminate the section from consideration on the ground of decay, disuse or laches, as urged by respondents.    The reasonable interpretation of it would seem to be that it was intended to admit certain persons married out of the territory to the benefits of the community laws of the territory. Of those not affected by the express terms of the section, the resident whose marriage occurred in the territory, under the laws of the territory, would be governed by its general laws. Persons married out of the territory and who have not moved into it would be governed, as to personal property acquired by them in the territory, by the well-established, almost universally acknowledged rule, that the law of the domicile must prevail in the absence of express statutory provision.    The law of California thereby became the law of Arizona as to these plaintiffs, and the finding of the trial court that the cause of action for the personal injuries to the wife was com-

munity property was a proper deduction from the law and evidence.

Judgment affirmed.

Shaw, J., and Allen, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 12, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1910.