[Civ. No. 14604. Second Dist., Div. Three. Jan. 29, 1945.]

MARY FRANKLIN, Respondent, v. LAURENCE J. FRANKLIN, Appellant.

Donald Kolts and Oral R. Finch for Appellant.

Krag & Sweet and Denair A. Butler for Respondent.

SHINN, J.—This is an appeal by defendant from a final decree which awarded plaintiff a divorce, and purported to award her a half interest in defendant's cause of action for personal injuries sustained subsequent to the entry of an interlocutory decree. The attempted division of the cause of action may not be sustained unless the cause of action itself was "property" acquired by the husband after marriage, within the meaning of section 164 of the Civil Code, and therefore community property.

Plaintiff, who had been married to defendant for fourteen months, sued for separate maintenance and a division of community property, alleged to consist of household furniture of the value of $100 and a Ford truck of the value of $350. Defendant answered and filed a cross-complaint for divorce upon the ground of cruelty. Upon the trial, plaintiff's complaint was amended to pray for a divorce, defendant offered no evidence, and a judgment was awarded plaintiff which set apart to her the household furniture, ordered defendant to pay her $60, and awarded defendant the truck. The complaint charged cruelty, willful neglect and desertion. Findings were waived and the decree did not specify upon

what ground or grounds the divorce was granted. Within a year after the interlocutory decree was entered defendant sustained personal injuries in a collision between an interurban car and a truck and brought suit against the railway and the trucking companies for damages. When a final decree became due, plaintiff, on notice, moved for a decree of divorce and that there be awarded to her, as her separate property, a half interest in defendant's cause of action for damages. Plaintiff's motion was granted and a decree was entered in accordance therewith.

The interlocutory decree ended with the following provision: "This judgment shall be a full and complete settlement of all of the property rights of the parties herein." It is insisted by defendant that the judgment constitutes a contract between the parties and that the quoted provision must be construed as a relinquishment by each of the parties of any and all further claims upon the other to an interest in community property then existing or which might be acquired thereafter. The argument finds some support in the circumstances surrounding the trial. Defendant was present with his attorney, he was suing for divorce upon a cross-complaint charging defendant with cruelty; with permission of court plaintiff amended her complaint from one for separate maintenance to one for divorce and proved her case. The decree recites that the action was tried as a default, no evidence having been offered by defendant under his answer or cross-complaint. The order for judgment shown by the clerk's minutes of December 17, 1942, stated that plaintiff was awarded an interlocutory decree which gave her the household furniture and the sum of $60 and defendant the truck. The record shows that on the same day a copy of the judgment was served upon defendant's attorney, although it was not signed until December 28, 1942.

The circumstances above related carry a suggestion that the parties arrived at some agreement with reference to plaintiff's demands, pursuant to which defendant abandoned his defense and cross-complaint and permitted the trial of the action as a default. The provision that the judgment constitutes a complete and final settlement of all of the property rights of the parties is not a usual one unless the court has given approval to a property settlement agreement of the parties which waives all possible future claims. There is ample support for the

proposition that a decree of divorce constitutes a contract between the parties where the defendant defaults by reason of the limited demands for relief made by the plaintiff. (*Brown* v. *Brown* (1915), 170 Cal. 1 [147 P. 1168]; *London G. & A. Co.* v. *Industrial Acc. Com.* (1919), 181 Cal. 460 [184 P. 864], and cases therein cited.) But the rule goes no further than to regard the judgment as an agreement between the parties to the effect that the matters embraced in the complaint may be settled and determined in accordance with the prayer of the complaint. It was held in *Brown* v. *Brown, supra,* that a default judgment of divorce, even when considered as a contract, will not prevent a plaintiff from claiming an interest in community property acquired after the beginning of the action and before final judgment, if there was no issue tendered in that action concerning such property. (See, also, *Hiltbrand* v. *Hiltbrand* (1936), 13 Cal.App.2d 330 [56 P.2d 1292].) If plaintiff herein is concluded by the judgment from claiming an interest in after acquired community property, it could only be for the reason that the parties had reached such an agreement and intended and understood that it should be and was expressed in the recital that the judgment constituted a complete and final settlement of their property rights. Although the circumstances would indicate that some agreement had been made which led to the phraseology of the decree, it does not appear that defendant made an issue of it when the final decree was applied for, or tendered any evidence which would have justified the court in holding that the language in question amounted to a mutual waiver of claims to after acquired property. It is clear that this court cannot say that the record shows an agreement under which the parties settled any matters in addition to those that were in issue, as shown by the record. These did not include any claims to community property that might be acquired in the future.

■ Defendant's second point is that compensation received by a husband for personal injuries sustained between the entry of the interlocutory and the final decrees in favor of the wife does not constitute community property. No authority is to be found which supports this position.

Plaintiff's contention that the *recovery of damages* for personal injuries to husband or wife, sustained during the existence of the marriage, is community property finds support in many of the cases. The marriage exists until terminated

by a final decree, and an interlocutory decree does not effect any change in the ownership of property acquired thereafter, during the existence of the marriage, except as to matters which were in issue.

 The arguments fail to distinguish between the mere cause of action, as a property right, and a judgment for money or the money itself when recovered on the claim. We are of the opinion that the husband's cause of action for damages for his personal injuries is not community property, even though the money, if recovered during the existence of the marriage, will be property of the community. The statement has been made in several cases that a cause of action for personal injury to either spouse arising during the existence of the marriage is community property, but it was in no instance necessary to a decision of the case. In no case which we have found has the court been called upon to determine the nature of the right to sue for damages for personal injuries as a property right, as distinguished from the proceeds of the recovery, nor, so far as we have been able to discover, has the question been decided, as between husband and wife, whether the *cause of action* of either constitutes community property.

In *McFadden* v. *Santa Ana etc. Ry. Co.* (1891), 87 Cal. 464 [25 P. 681, 11 L.R.A. 252], it was held for the first time that in this state a recovery by way of damages for personal injuries to a wife is community property. In holding that it was error to instruct that the contributory negligence of the husband, which was relied upon as a defense to the joint action of the husband and wife, could not be imputed to the wife, the court there said: "The right to recover damages for a personal injury as well as the money recovered as damages, is property, and may be regarded as a chose in action . . .; and if this right to damages is acquired by the wife during marriage, it, like the damages when recovered in money is, in this state, community property of the husband and wife (Civ. Code, secs. 162-164, 169), of which the husband has the management, control, and absolute power of disposition other than testamentary." The true basis for the holding in that case and in later cases which have applied the same doctrine of imputed negligence was not that the cause of action itself is community property but that damages may not be recovered for the benefit of the community where the injuries were sustained as a result of the contributory negligence of the husband or wife. It is the ownership of the re-

covery, and not the mere right to sue, that is controlling. The above quoted statements were repeated, in substance, in *Justis* v. *Atchison etc. Ry. Co.* (1910), 12 Cal.App. 639, 642 [108 P. 328], in holding that a married woman could not alone execute a valid release and satisfaction of a claim arising out of her personal injuries. There was no question in the case as to the right of the community to the proceeds of a settlement or recovery of damages. The husband, having the right of management and control of community property, necessarily had complete control of the claim and of any action brought for its recovery. Prior to the amendment of section 370 of the Code of Civil Procedure (Stats. 1913, p. 217), the wife was a proper party plaintiff with her husband in a suit for her own personal injuries but could not sue alone unless she was living separate and apart from her husband by reason of his desertion of her or under agreement in writing. Joinder of husband and wife as plaintiffs was the practice at common law and it was followed in this state (*Moody* v. *Southern Pacific Co.* (1914), 167 Cal. 786 [141 P. 388]; *McKune* v. *Santa Clara V. M. & L. Co.* (1895), 110 Cal. 480 [42 P. 980]), although it was not a statutory requirement, and the fact that the wife was joined did not affect the husband's control of the action or the proceeds thereof. It is clear that the question whether the cause of action, itself, is community property was not involved in the Justis case.

The McFadden case was cited in *Neale* v. *Depot Railway Co.* (1892), 94 Cal. 425 [29 P. 954], in holding that a joint judgment for plaintiffs, husband and wife, was proper; in *Lamb* v. *Harbaugh* (1895), 105 Cal. 680, 691 [39 P. 56], in holding that the wife could not sue alone; in *Moody* v. *Southern Pacific Co., supra,* 167 Cal. 786, where it was held that the husband was a necessary party plaintiff, and in *Giorgetti* v. *Wollaston* (1927), 83 Cal.App. 358 [257 P. 109], and *Solko* v. *Jones* (1931), 117 Cal.App. 372 [3 P.2d 1028], where it was held that the contributory negligence of the husband was available as a defense in an action for injury to the wife. In *In re Strand* (1932), 123 Cal.App. 170 [11 P.2d 89], it was said that the right of action to recover for personal injuries sustained by either husband or wife is community property, prefacing a holding that the filing of a joint action by husband and wife to recover for injuries to the wife amounted to a waiver of the privilege of subdivision 1, section 1881 of

the Code of Civil Procedure, under which a wife cannot be examined as a witness for or against her husband without his consent.

In all these cases the court was speaking of causes of action for the wife's injuries, whether the husband and wife were joined as plaintiffs, as was necessary before 1913, or the wife was suing alone, as she has had the right to do since that time. The determinative fact was that the suit was for the benefit of the community, for the reason that the money recovered would belong to the community and not to the wife separately. So far as third parties were concerned, it was immaterial whether the right to sue, as well as any amount that might be recovered, belonged to the community. If the decision in each case had been placed upon the sole ground that money recovered for·the wife's injuries would belong to the community, the rulings would necessarily have been exactly the same. The references to the right to sue, as distinguished from the recovery, were unnecessary. We are not presuming to criticize anything that the courts have said upon the point, for it is clear that they have had in mind only that the actions were for the recovery of money for the benefit of the community and were under the husband's control. We are only emphasizing the importance of distinguishing between the breadth of the language used and the breadth of the point decided. As we have said, the question whether, as between husband and wife, ·a cause of action for personal injury is community property was not in issue in any of the mentioned cases and nothing that has been heretofore said as to the ownership of the cause of action was addressed to that question. In considering whether we should be influenced in deciding the question now before us by the statements above quoted and the later references to them, we are of the opinion that they mean no more than the precise statement of the court in *Johnson* v. *Hendrick* (1919), 45 Cal. App. 317, at page 321 [187 P. 782], where, in holding a joint judgment to be proper in a suit by husband and wife for the wife's injuries, it was said: ''Prior to the amendment of section 370 of the Code of Civil Procedure, in 1913 (Stats. 1913, p. 217), in an action for injuries to the wife the husband was a necessary party. In such an action, since the amendment, the wife may sue alone, but she is not required to sue in that manner. All persons having an interest in the subject of the action and in obtaining the relief demanded

may be joined as parties, except when otherwise expressly provided. (Code Civ. Proc., sec. 378.) *Money recovered for damages to the wife* in this state has always been held to be community property, because it was not owned by the wife before marriage, nor acquired afterward by gift, devise, bequest, or descent. (Civ. Code, sec. 162; *Moody* v. *Southern Pac. Co.*, 167 Cal. 786 [141 P. 388].) The husband, therefore had an interest in the subject of the action and was a proper party plaintiff. The form of the verdict is correct." (Italics ours.)

It may not be doubted that the right to sue for damages for injury to the person is a chose in action and therefore property (Civ. Code, § 953; *Haro* v. *Southern Pacific R. R. Co.* (1936), 17 Cal.App.2d 594, 597 [62 P.2d 441]), nor that the word "property" may be properly used to signify any valuable right or interest protected by law, as it has sometimes been defined. But the meaning to be given to the word depends upon the sense in which it is used, as gathered from the context and the nature of the things which it was intended to refer to and include. (*Ponsonby* v. *Sacramento Suburban Fruit Lands Co.* (1930), 210 Cal. 229 [291 P. 167].) The word "property," as used in the code sections relating to community property, does not encompass every property right acquired by either husband or wife during marriage, other than by gift, bequest, devise or descent. The right to practice medicine and similar professions, for instance, is a property right but it is not one which could be classed as community property. And while money recovered for personal injuries to either husband or wife would be community property, we cannot see how the mere right to sue could belong to the community. It is implicit in the entire scheme of the community property laws that the property have certain attributes, namely, those of being susceptible of ownership in common, of transfer and survival. This is made clear by an examination of a few of the code sections. The respective interests of the husband and wife in community property are present, existing and equal interests (Civ. Code, § 161a). One-half of the community property is subject to the testamentary disposition of the husband or wife and in the absence thereof goes to the survivor (Prob. Code, § 201). Property which has been acquired as community property is subject to a different rule of succession from that relating to separate property in the event of the death of the owner,

leaving no surviving spouse or issue (Prob. Code, §§ 201, 225, 228). It is to be separately inventoried and appraised in probate proceedings (Prob. Code, § 601), and is to be apportioned between the husband and wife in the event of a decree of separate maintenance or divorce (Civ. Code, §§ 137, 146).

A claim for damages for personal injuries belongs exclusively to the person injured and it does not survive him (*De La Torre* v. *Johnson* (1927), 200 Cal. 754 [254 P. 1105]) ; it is not subject to transfer by agreement (*Morris* v. *Standard Oil Co.* (1926), 200 Cal. 210 [252 P. 605] ; *Cassetta* v. *Del Frate* (1931), 116 Cal.App. 255 [2 P.2d 533] ; 6 C.J.S. 1081 ; 4 Am.Jur. 252, § 30) or by operation of law, even though it becomes assignable when reduced to judgment (*Adams* v. *White Bus Line* (1921), 184 Cal. 710 [195 P. 389]).

Wrongs done to the person, like those to the reputation or feelings of the injured party, constitute an exception to the general rule that choses in action are assignable. (*Webb* v. *Pillsbury* (1943), 23 Cal.2d 324 [144 P.2d 1, 150 A.L.R. 504].) These limitations are recognized in all jurisdictions where they have not been removed by statute. They cannot be ignored without disregarding sound precedent and attempting judicial legislation.

The decree purports to award plaintiff a half of the cause of action as her separate property. That is all she asked for. If she had been able to show that the decree was granted upon the ground of extreme cruelty she no doubt would have asked for three-fourths or more of the cause of action. (*Nave* v. *Nave* (1917), 35 Cal.App. 27 [169 P. 253].) She could not sell or transfer such an interest nor compromise it nor enforce it by suit. She is a stranger to the pending action and must remain so. In the event of the death of defendant before judgment, the action would abate. Plaintiff could not be given some nebulous and artificial status which would enable her to exercise joint control over the claim or interfere with defendant's control. Defendant could not represent her or act for her with respect to her separate property. To say that the effect of the decree is to make defendant a trustee for plaintiff to the extent of half of the money to be recovered would be to admit that she has, and could have, no legal ownership of an interest in the cause of action. While defendant could have bound himself to pay, as a simple debt to his wife, a sum equal to a stated share of the amount to be

recovered, he could not have constituted himself a trustee of an interest in the cause of action for the benefit of his wife and thus accomplish indirectly what he could not do directly, nor could the court do this for him. The limitations upon the right to transfer such a cause of action, or an interest in it, are well illustrated by the rule, which is supported by the great weight of authority, that it is not capable of transfer for the benefit of creditors. (4 Am.Jur. p. 350, § 25.)

The powers of the court were limited to making a division of the community property, and the cause of action was something that could not be partitioned, directly or indirectly, before it had been reduced to judgment. Only then or in the event of a settlement could it be said that defendant had acquired ''property'' which was subject to the community property laws.

Defendant has appealed from the decree in its entirety and has attempted to appeal from the order granting plaintiff's motion. The order, having been made before judgment, is not appealable. There is no reason why the decree should be reversed except as to the attempted award of property.

The attempted appeal from the order is dismissed; the decree is modified by striking therefrom the provision awarding plaintiff a half interest in the cause of action described therein, and as modified is affirmed, without costs.

Desmond, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 29, 1945.