CARTER, J.
I concur in the result reached in the majority opinion.
I think it is clear, however, that this court now recognizes that its former opinions, holding that causes of action for personal injuries are community property, are unrealistic and outmoded.
In Zaragosa v. Craven, 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R. 2d 461], in which I dissented, it was held that “. . . it must be considered as the present law of this state that the cause of action for personal injuries suffered by either spouse during marriage, to whatever extent such cause of action may constitute property (see p. 725, Franklin v. Franklin, supra [67 Cal.App.2d 717 (155 P.2d 637)]), as well as any recovery therefor, constitutes community property—at least in the absence of agreement otherwise between the spouses. Any contrary implications which may be derived from the language of the Franklin case are disapproved.”
The accident here involved occurred after the plaintiff had sued for divorce, but before the interlocutory decree was entered. The parties were therefore still husband and wife despite the fact that the divorce action had been filed almost two years prior to the accident in which defendant was injured.
*255 I am of the opinion now, as I have always been, that a cause of action for personal injuries is a separate and personal one and that the recovery therefor should be the separate property of the injured spouse except for the actual loss to the community in the earning power of the injured spouse (see dissenting opinion in Zaragosa v. Craven, 33 Cal.2d 315, 323, 324 [202 P.2d 73, 6 A.L.R.2d 461]). As I have heretofore pointed out in my dissents (Zaragosa v. Craven, supra; Flores v. Brown, 39 Cal.2d 622, 633 [248 P.2d 922]; and Kesler v. Pabst, 43 Cal.2d 254, 260 [273 P.2d 257]) there is no reason whatsoever to characterize a cause of action for personal injuries a “community cause of action.” The wife, or husband, has a right to sue in her, or his, own name (Code Civ. Proc., § 370; Sanderson v. Niemann, 17 Cal.2d 563, 567 [110 P.2d 1025]) and the recovery therefor should be the individual’s sole and separate property (de Funiak, Principles of Community Property, pp. 225, 232; 24 Cal.L.Rev. 739; Rest., Torts, § 487).
In Zaragosa v. Craven, supra, a majority of this court held that a cause of action for personal injuries which arose during the marriage relationship was community property (thereby overruling a contrary statement in Franklin v. Franklin, 67 Cal.App.2d 717 [155 P.2d 637]). In Flores v. Brown, supra, Mr. Flores died as a result of the accident giving rise to Mrs. Flores’ cause of action and, in order to avoid its former rule of imputation of contributory negligence, a majority of this court decided that even though the cause of action arose during marriage, that marriage was terminated by Mr. Flores’ death at the time of the accident and therefore the entire cause of action devolved to Mrs. Flores and that the contributory negligence of Mr. Flores was not imputable to her. I pointed out in my dissent in Kesler v. Pabst, supra, that the holding in the Flores’ case was quite inconsistent with the majority holding in the Zaragosa case.
It has been said quite often and with a great deal of truth that “hard cases make bad law.”
In the instant case, a woman who has brought suit against her husband for divorce and who was separated from him, seeks to recover half of the compensation awarded him for an injury which took place while the marriage was still in being although after suit for divorce had been filed. If what was said in the Zaragosa case is still the law, the cause of action accruing during the existence of the marital relationship, because of defendant’s personal injuries, was community *256 property and any judgment recovered as a result thereof should relate back so as to take on the same character.
In the case under consideration, however, in neither the original complaint for divorce, nor in the amended complaint, did Mrs.. Washington allege the cause of action for Washington’s personal injury to be community property and pray for a division thereof when the same had been reduced to final judgment.
As Mr. de Funiak aptly said (Principles of Community Property, p. 225) : “Their [courts] usual decision to consider the property received in exchange for separate property as taking the character of separate property is a fortunate triumph of common sense over a lack of understanding of the principles of community property. But apparently the courts are inclined to apply a similar reasoning to the right of action for personal injuries and to the compensation received; that is, it is a property acquired during marriage and is not acquired by gift, etc., therefore it must be community property. But this overlooks the principles of onerous and lucrative titles and other pertinent principles. Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for injuries to person, reputation, property, or the like or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being. For that matter it is not property acquired by lucrative title either. . . . Since the right of action for injury to the person ... is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss. ’ ’
If this court would hold, logically and reasonably, once and for all that a cause of action for personal injuries was personal to the injured spouse and that the recovery constituted his, or her, separate property (see Civ. Code, § 171c, as it relates to the wife) then it would not be necessary to engage in legal aerobatics in a ease such as this in order to reach a just result. I have no complaint with the statements in the majority opinion that the causes of action for the personal injuries to Mr. Washington were not assignable and *257 that no assignments thereof could be had until final judgments had been rendered therein. When this case and the Flores case are considered together, it appears to me that perhaps, in time, a majority of this court will recognize the fallacy in earlier holdings that a cause of action for personal injuries accruing during marriage is community property.
I am happy to see a majority of the members of this court depart from the rule of the Zaragosa case which, if carried to its logical conclusion, would have prevented the conclusion reached in Flores v. Brown, supra, and the just result reached in the case under consideration. I am hopeful that in time the court will come to the full realization that a cause of action for personal injuries and the compensation received therefor is personal to the injured person since such cause of action and compensation were always intended as a substitute for the violation of a personal right. The majority opinion, however illogical in the light of the rule of the Zaragosa case, is a small step in the right direction.