[L. A. No. 29592. In Bank. Jan. 20, 1969.]

CAL PACIFIC COLLECTIONS, INC., et al., Plaintiffs and Respondents, v. HAROLD J. POWERS, as Director of the Department of Professional and Vocational Standards, et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, Alvin J. Korobkin and David Gould, Deputy Attorneys General, for Defendants and Appellants.

Joseph R. Carter, Jr., and Roger C. Campbell for Plaintiffs and Respondents.

BURKE, J.—In this mandamus proceeding, the trial court decreed that defendants[1] acted in excess of their jurisdiction in initiating and prosecuting disciplinary proceedings against plaintiffs under the Collection Agency Act (Bus. & Prof. Code, § 6850 et seq.)[2] and that such proceedings should be dismissed. Defendants appeal. We have concluded that the court ruled correctly with respect to certain of the plaintiffs, but that there is statutory authorization for the proceedings against the other plaintiffs.

---

[1]Defendants are (1) the Director of the Department of Professional and Vocational Standards (Director), and (2) the Collection Agency Licensing Bureau (Bureau), a statewide administrative agency under the Director's supervision and control.

[2]All section references are to the Business and Professions Code unless otherwise stated.

In July 1958 plaintiff Cal Pacific Collections Inc., a California corporation (Cal Pacific), was first issued a state license to engage in the collection agency business.[3] The three individual plaintiffs were its corporate officers at that time and at all relevant times thereafter.

On October 26, 1960, following a hearing on an earlier accusation, Cal Pacific's license was revoked for failure to maintain the required balance in its clients' trust account; however, the revocation was stayed and Cal Pacific was placed on probation for three years. At the same time the qualification certificate theretofore issued to plaintiff Martin Lawson (secretary of Cal Pacific) as a "qualified person" to be in active charge of a collection agency office (§§ 6859, 6906, 6921) was revoked, with the revocation also stayed for three years.

On February 28, 1963, plaintiff Martin Lawson and plaintiffs Marco and Elfriede Lawson (president and vice president, respectively, of Cal Pacific) terminated their employment with Cal Pacific.

On March 4, 1963, Cal Pacific voluntarily surrendered its license pursuant to section 6949; surrender of the license was accepted effective March 15, 1963; and on March 18, 1963, the Bureau advised Cal Pacific in writing of such acceptance.

The qualification certificate previously issued to Martin Lawson continued in force until June 30, 1963, at which time the certificate was revoked pursuant to section 6893 as then effective, for nonpayment of the continuation fee.

On June 20, 1963, the Bureau initiated disciplinary proceedings against the four plaintiffs by filing an accusation against them.[4] Following a hearing, the Director in February 1964 found Cal Pacific guilty of various violations, and ordered that its license together with any right of reinstatement or renewal be revoked, that Martin Lawson's qualifica-

---

[3] In 1958 collection agencies were licensed by the Secretary of State. In 1959 the Collection Agency Act was amended to transfer the licensing power to the Bureau as an administrative agency of the Department of Professional and Vocational Standards. (Bus. & Prof. Code, §§ 6860, 6870; Stats. 1959, ch. 2159, §§ 8, 23; see also Bus. & Prof. Code, § 101.)

[4] The accusation charged that between July 1, 1959, and October 19, 1962, plaintiffs had violated Bureau rules and regulations in numerous ways, e.g., by (a) making unauthorized collections of attorneys' fees from debtors; (b) failing to render timely statements to their customers of amounts collected from debtors, with the intent to defraud their customers; (c) making false entries in their books and records with intent to deceive the Bureau; (d) attempting to collect from debtors interest and attorneys' fees not justly due or legally chargeable to the debtors. (See § 6863.)

tion certificate and any right of reinstatement or renewal be
revoked, and that the three individual plaintiffs be disquali-
fied from holding any office or employment in the collection
agency business. This mandamus proceeding followed.

The sole issue is whether the defendants had jurisdiction to
proceed with and to impose disciplinary action against the
several plaintiffs. At no time have plaintiffs challenged the
sufficiency of the evidence to support the charges on which the
discipline was imposed. The trial court ruled that defendants
had acted in excess of their jurisdiction under the Collection
Agency Act in force prior to certain amendments which
became effective on September 21, 1963.[5]

### Jurisdiction Over Cal Pacific

Defendants predicate their claim of jurisdiction over Cal
Pacific on section 6949.1,[6] and in particular the provision
that "the voluntary surrender of a license . . . shall not
deprive the director of jurisdiction to proceed with any . . .
disciplinary proceeding against such license. . . ."

Cal Pacific contends that the acceptance by the
Bureau of its voluntary surrender of license in March 1963
constituted an administrative determination that no discipli-
nary action or proceeding was then pending with which "to
proceed" as contemplated by section 6949.1. The contention
lacks merit. Such a construction would render the quoted por-
tion of the section redundant and a nullity, thereby violating
one of the most elementary principles of statutory construc-
tion (See *People* v. *Victor* (1965) 62 Cal.2d 280, 301 [26] [42
Cal.Rptr. 199, 398 P.2d 391]; *Select Base Materials, Inc.* v.
*Board of Equalization* (1959) 51 Cal.2d 640, 645 [335 P.2d
672].)

Section 6949,[7] pursuant to which Cal Pacific voluntarily
surrendered its license, at the times here involved specified

[5]Neither plaintiffs nor defendants contend that the 1963 amendments
applied retroactively to the accusation filed June 20, 1963.

[6]Section 6949.1: "The lapsing or suspension of a license by operation
of law or by order or decision of the director or a court of law, or the
voluntary surrender of a license by a licensee shall not deprive the
director of jurisdiction to proceed with any investigation of or action or
disciplinary proceeding against such license or to render a decision sus-
pending or revoking such license."

[7]Section 6949 as it read when the disciplinary proceeding was com-
menced: "Any licensee may, prior to the suspension or revocation of
his or its license, so long as no disciplinary action is then pending
against said licensee, voluntarily surrender his or its license by mail-
ing the license to the director together with a written statement of
such surrender, setting forth the reasons therefor, and a writen dec-
laration of the satisfactory disposition of all accounts of the licensee

that such a voluntary surrender could be made only ''so long as no disciplinary action is then pending against said licensee. . . .'' Hence, as Cal Pacific concedes, if disciplinary action *was* then pending, the license was not subject to voluntary surrender. The provision which follows, in section 6949.1—that voluntary surrender shall not deprive the director of jurisdiction to proceed with any disciplinary proceeding against such license—would be rendered nugatory if held to apply only to a disciplinary proceeding pending at the time of the license surrender—since section 6949, as just noted, did not authorize voluntary surrender if a disciplinary action was then pending. It follows that the disciplinary action with which the director may proceed subsequent to voluntary surrender of a license was not limited to proceedings already pending at the time of such surrender, and that Cal Pacific's voluntary license surrender did not operate to oust the director of jurisdiction here.

It bears note that a contrary construction would permit a licensee to evade disciplinary action for the evils which the sections were clearly designed to prevent. If the licensee who had voluntarily surrendered his license (necessarily at a time when no disciplinary action was pending against him) could thereby successfully defeat the jurisdiction of the director to take disciplinary measures for violations thereafter discovered, the licensee could apply for a new license after the surrender and thereby evade section 6906, subdiviosion (d), which provides generally that the director may refuse to issue a license if the applicant or any officer, manager, etc., thereof has had a license revoked for cause. (See also section 6950, providing for reinstatement within the limited time of a license revoked for failure to pay the continuation fee.) Statutes are to be interpreted to give a reasonable result consistent with legislative purpose and not evasive thereof. (*Kusior* v. *Silver* (1960) 54 Cal.2d 603, 620 [7 Cal.Rptr. 129, 354 P.2d 657]; see also *Harvey* v. *Davis* (1968) 69 Cal.2d 362, 370 [71 Cal.Rptr. 129, 444 P.2d 705].)

### Jurisdiction Over Qualification Certificate of Martin Lawson

 As already related, the qualification certificate of Lawson was effective until June 30, 1963, but was then

prior to such voluntary surrender, together with a written statement of notification to the licensee's surety company of such voluntary surrender, and upon receipt of the request for the cancellation of the bond from the surety company, the license shall forthwith be canceled.''

revoked pursuant to section 6893 for failure to pay the continuation fee.[8] Defendants' claim of jurisdiction to thereafter institute disciplinary proceedings against Lawson rests upon section 118, which purports to apply to all of the statewide administrative agencies under the supervision of the Department of Professional and Vocational Standards which issue licenses and exercise disciplinary powers, including the Collection Agency Licensing Bureau.[9] (§ 101, subd. (aa).)

Since Lawson's certificate was automatically revoked by operation of law for failure to pay the continuation fee, section 118 appears clearly applicable. Section 6893 provides for reinstatement upon payment of the fee within one year after revocation of the certificate, and section 118 specifies that within that period there is no lack of authority to institute or continue a disciplinary proceeding against the (former) certtificate holder. The disciplinary proceedings here at issue were instituted and carried out during the described period of time. (Note also the direction of section 6893 that "[r]einstatement of a revoked certificate shall not prohibit the bringing of disciplinary proceedings against the holder" thereof.) Accordingly, the director had jurisdiction to proceed against Lawson's certificate here.

---

[8]Section 6893 then read in pertinent part: "On or before . . . June 30 of each year . . . a qualified person desiring continuation of his qualification certificate shall . . . pay the continuation fee . . . If [he] fails to . . . pay the fee within the time fixed, the certificate shall be *automatically revoked*, but *may be reinstated if within one year* after its revocation, the holder of the revoked certificate applies for reinstatement and pays the reinstatement fee . . . .

". . . . . . . . . . . . . . . . .

"*Reinstatement of a revoked certificate shall not prohibit the bringing of disciplinary proceedings* against the holder of the certificate." (Italics added.)

[9]Section 118 in pertinent part: " (b) The suspension, *expiration, or forfeiture by operation of law of a license* issued by a board in the department, or its suspension, forfeiture, or cancellation by order of the board or by order of a court of law, . . . *shall not, during any period in which it may be renewed, restored, reissued, or reinstated, deprive the board of its authority to institute or continue a disciplinary proceeding against the licensee* upon any ground provided by law or to enter an order suspending or revoking the license or otherwise taking disciplinary action against the licensee on any such ground.

" (c) As used in this section, 'board' includes an individual who is authorized by any provision of this code to issue, suspend, or revoke a license, and '*license*' includes '*certificate*,' '*registration*,' and 'permit.' " (Italics added.)

Section 22 also states that " 'Board,' as used in any provision of this code, . . . unless otherwise expressly provided, shall include 'bureau'. . . ."

*Jurisdiction to Generally Disqualify The Three Individual Plaintiffs*

The contention of the three officer-employees of Cal Pacific that defendants were without jurisdiction to institute general disciplinary proceedings against them after they had terminated such employment appears to be correct.

Section 6930, as it read when such proceedings were commenced, among other things authorized the director upon a finding of violation by an employee or a licensee, to ''(a) Order the revocation of the license . . . , or order any accused *employee* disqualified from further employment in the collection agency business.'' (Italics added.) By 1963 amendment, not here applicable, the word ''employee'' was changed to ''person.'' Thus it appears that as now cast section 6930 authorizes the initiation of disqualification proceedings against a former collection agency employee even after such employment has terminated. However, no statutory provision has been found which would have authorized such proceedings at the times involved in this case. Accordingly, the peremptory writ of mandate properly issued in their behalf.

Contrary to defendants' suggestion, it does not follow from our holding with respect to general disqualification of the three individual plaintiffs that despite past misdeeds they will be at liberty to again occupy similar positions in the collection agency business free from the control of defendants. Such positions plainly fall within the registration requirements of the act, which became applicable in 1959 with respect to persons thereafter entering the employ of a licensee. (§ 6894.2; see also § 6894.) Inasmuch as plaintiffs apparently entered the employ of Cal Pacific in 1958, they perhaps did not register with defendants; the record before us is silent on the point. However, if plaintiffs are registered, such registration may be suspended or revoked under the authority of section 6894.7.[10] If plaintiffs are not registered, then upon again entering the employ of a licensee they must apply for registration (§ 6894.2) which may be refused under the authority of the same section 6894.7. Further, a licensee may lose his license by suspension or revocation if he knowingly

---

[10]Section 6894.7: ''After a hearing the director may refuse to register an employee, or may suspend or revoke a previous registration, if the individual has committed any act which would justify refusal of permission to take the collection agency examination and to issue a qualification certificate under Section 6886.1.''

The acts set forth in section 6886.1 would include the charges on which the present disciplinary proceedings were based.

employs any person who has failed to comply with the registration requirements or who has had a registration denied, suspended or revoked. (§ 6948.) It thus appears that under the provisions of the Collection Agency Act defendants will not lack disciplinary control over the three individual plaintiffs if the latter again attempt to enter employment in the collection agency business in positions subject to the registration requirements.

The judgment is affirmed as to plaintiffs Norman Marco and Elfriede Lawson and as to the order of the director generally disqualifying plaintiff Martin Lawson; it is reversed as to plaintiff Cal. Pacific and as to the order of the director revoking the qualification certificate issued to plaintiff Martin Lawson. Each party shall bear its own costs on appeal.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk J., and Sullivan, J., concurred.