[Civ. No. 30813. First Dist., Div. Two. Oct. 12, 1972.]

In re the Marriage of NANCY LEE and ALFREDO C. PINTO.
NANCY LEE PINTO, Respondent, v.
ALFREDO C. PINTO, Appellant.

**COUNSEL**

William H. Carney for Appellant.

Joseph D. Gaeta and Louis M. Piccirillo for Respondent.

**OPINION**

**THE COURT.**—Husband appeals from that portion of an interlocutory judgment of dissolution awarding wife one-half of the proceeds of a claim

for damages for personal injuries suffered by him after the parties had separated and granting wife a lien upon one-half of the proceeds of any recovery made by him in his action for damages pending in the superior court.

This appeal involves a single issue—whether a "cause of action" for damages for personal injuries suffered by a spouse constitutes "community property personal injury damages" within the meaning of subdivision (c) of section 4800 of the Civil Code of the Family Law Act, when the spouse has received no money or other property either in satisfaction of a judgment for damages or pursuant to an agreement for the settlement or compromise of his claim for damages at the time the interlocutory judgment of dissolution is entered.

Husband contends that the provisions of sections 4800 and 5126 of the Civil Code, construed together, preclude the division of a claim or cause of action for personal injury damages unless money or other property has actually been received.

Prior to the enactment of the Family Law Act, there was a division of opinion on the question of whether a "cause of action" for personal injury damages was subject to division as community property. (See *Washington* v. *Washington* (1956) 47 Cal.2d 249 [302 P.2d 569]; *Zaragosa* v. *Craven* (1949) 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461]; *Franklin* v. *Franklin* (1945) 67 Cal.App.2d 717 [155 P.2d 637].) Legal writers anticipated that questions would arise under the new act. (See California Marital Termination Settlements (Cont.Ed.Bar 1971) p. 61, § 4.9; Attorney's Guide to Family Law Act Practice (Cont.Ed.Bar (2d ed.) 1972) p. 248, § 5.3.)

In the construction of statutes, we are guided by the rules set forth in *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]. ■ In addition, a court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all their provisions. (*Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 279 [5 Cal.Rptr. 668, 353 P.2d 276].)

We note that under the provisions of subdivision (c) of section 4800 of the Civil Code " 'community property personal injury damages' means *all money or other property received* by a married person as community property *in satisfaction of a judgment for damages for his or her personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages,* unless such money or other property has been commingled with other community property." (Italics added.)

At the time the interlocutory judgment was entered, subdivision (a) of

section 5126 of the Civil Code defined as separate property "*[a]ll money or other property received* by a married person *in satisfaction of a judgment for damages for his personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages* . . . if such money or other property is *received* . . . (3) *After the rendition of an interlocutory decree* of dissolution of a marriage *and while the injured person and his spouse are living separate and apart.*" (Italics added.)[1]

Both sections contemplate that "money or other property" has been *received* by the injured spouse in satisfaction of a judgment or pursuant to an agreement to settle or compromise his claim. Such a construction is consistent with the provision in subdivision (c) of section 4800 of the Civil Code that the court take into account the time that has elapsed since the *recovery* of the damages and the provision on the effect of commingling.

Any other construction would render nugatory the provisions of subdivision (a) of section 5126 of the Civil Code that "[a]ll money or other property received by a married person in satisfaction of a judgment for damages for his personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages is the separate property of the injured person if such money or other property is *received* . . . (3) *After* the rendition of an interlocutory decree of dissolution of a marriage . . ." [italics added], thus "violating one of the most elementary principles of statutory construction" (*Cal Pacific Collections, Inc.* v. *Powers* (1969) 70 Cal.2d 135, 139 [74 Cal.Rptr. 289, 449 P.2d 225]).

■ Statutes *in pari materia* should be construed together and reconciled so as to uphold both of them if it is reasonably possible to do so. This is especially true when such statutes are enacted at the same time, or at the same session of the Legislature, or when they become effective on the same date. (*Pierce* v. *Riley* (1937) 21 Cal.App.2d 513, 518 [70 P.2d 206].)

■ When statutes are *in pari materia,* the interpretation of similar phrases or sentences in one controls the interpretation of virtually the same phrases or sentences in the other. (*In re Phyle* (1947) 30 Cal.2d 838, 845 [186 P.2d 134].) An interpretation which gives effect is preferred to one which makes void. (Civ. Code, § 3541.)

■ We conclude that "money or other property" must have been *received* by the spouse in satisfaction of a judgment or pursuant to an agreement for the settlement or compromise of his claim for personal injury damages before it will constitute "community property personal injury damages" within the meaning of subdivision (c) of section 4800 of the Civil

---

[1]Section 5126 of the Civil Code was amended in 1972. (Stats. 1972, ch. 905.)

Code, and that an unliquidated claim or "cause of action" for personal injury damages does not constitute "community property personal injury damages" within the meaning of this section.

The portion of the judgment appealed from is reversed.