[Civ. No. 21679. Third Dist. Dec. 30, 1982.]

In re the Marriage of VALERIE JEAN and BRIAN JAMES DEVLIN.
VALERIE JEAN DEVLIN, Appellant, v.
BRIAN JAMES DEVLIN, Respondent.

Counsel

Leep & Asbill, Richard J. Asbill and Philip E. Hernandez for Appellant.

D. Jack Darley for Respondent.

Opinion

**EVANS, J.**—The question presented is whether the trial court erred in awarding the bulk of the parties' community property to husband on the basis that the property was acquired with husband's personal injury proceeds.

The parties were married in July 1975, and separated in May 1977. At that time, wife initiated proceedings to dissolve the marriage, but the parties reconciled prior to the entry of a final judgment of dissolution. The couple remained together until May 1981, and wife later filed the instant action to dissolve the marriage.

Prior to the time the parties first separated, husband was severely injured in an automobile accident, rendering him a paraplegic. The personal injury damages, totaling at least $175,000, were received by husband sometime after the parties reconciled.

At trial, the evidence demonstrated that all of the personal injury damages had been spent, and ,that all of the property of the community at the time of separation was purchased with the personal injury proceeds. Most of this property consists of equity in real property and a mobilehome placed thereon and used as a family·residence. The mobilehome has been specially equipped and adapted for husband's benefit.

The trial court determined that all of the community property was traceable to husband's personal injury proceeds and awarded the bulk of the property (i.e., the realty and the mobilehome) to husband. Wife was awarded some miscellaneous personal property "needed for her to get a new start." Wife appeals.

### DISCUSSION

█ Personal injury damages received or to be received from a cause of action arising during marriage are community property. (Civ. Code, § 4800, subd. (c);[1] see *Hand* v. *Superior Court* (1982) 134 Cal.App.3d 436, 440-442 [184 Cal.Rptr. 588].) Upon dissolution or separation, however, section 4800, subdivision (c), provides that these proceeds, labeled "community property personal injury damages," are to be assigned to the injured spouse unless the court, considering the facts of the case, determines the interests of justice required another disposition. In such case, the community property personal injury damages are assigned to the respective parties in such proportions as the court determines to be fair, except that at least one-half of such damages must be assigned to the spouse who suffered the injuries. (§ 4800, subd. (c).) "Community property personal injury damages" are thus a· species unique to the Family Law Act; they are held as community property during marriage, but upon dissolution such damages are subject to special assignment rules. (*In re Marriage of Mason* (1979) 93 Cal.App.3d 215, 222-223 [155 Cal.Rptr. 350]; see *Hand* v. *Superior Court, supra,* 134 Cal.App.3d at pp. 441-442; 2 Markey, Cal. Family Law (1978) Division of Property, § 24.11[2], p. 24-17.)

Section 4800, subdivision (c), specifies that "community property personal injury damages shall be assigned to the party who suffered the injuries unless the court, after taking into account the economic condition and needs of each party, the time that has elapsed since the recovery of the damages or the accrual of the cause of action, and all other facts of the case, determines that the interests of justice require another disposition. In such case, the community property personal injury damages shall be assigned to the respective parties in such proportions as the court determines to be just, except that at least one-half of such damages shall be assigned to the party who suffered the injuries. . . ." Thus, section 4800, subdivision (c), not only recognizes the special nature of

---

[1]Hereafter all statutory references are to the Civil Code unless otherwise indicated.

community property personal injury damages, but also vests discretion in the trial court in distributing these damages upon dissolution of the marriage. (See 8 Cal. Law Revision Com. Rep. (1967) pp. 1392-1393, 1396-1397 (hereafter Law Revision Report).)

■ Wife does not take issue with the foregoing discussion. It is her position, however, that community property personal injury damages encompass only that money or other property which is *received* from a cause of action arising during marriage.[2] She contends that as the property divided herein was *purchased* with community property personal injury damages, such property is not subject to division pursuant to provisions of section 4800, subdivision (c). We disagree.

Such a narrow interpretation of subdivision (c) defeats the purpose of the statute. To accept this interpretation would require that community property personal injury damages be placed in a bank account and never utilized, lest all, or at least that part of the damages spent and converted in form (i.e., into a house, car, iron lung) be treated upon dissolution as ordinary community property. The fallacy in such reasoning is that often at least some portion, and possibly all, of the community property personal injury damages must be spent, both on the needs of the community and on needs unique to the injured spouse. Using community property personal injury damages to purchase an artificial limb, iron lung, specially adapted home or car, etc., may be essential to alleviate the pain and suffering of the injured spouse and to allow the injured spouse to function as normally as possible. Under wife's analysis, because the iron lung and artificial limb do not constitute money or property received, but are instead products purchased with community property personal injury damages, these assistive devices are subject to division just as any ordinary community property. Obviously, the Legislature did not intend such an unjust and absurd result. It is clear the mere conversion of community property personal injury damages from money into a different form does not, standing alone, remove the items purchased from the purview of section 4800, subdivision (c). (See Law Revision Report, *supra,* at p. 1397 ("Subdivision (c) applies even though money recovered for personal injury damages has been invested in securities or other property"); Reppy, Community Property in Cal. (1980) pp. 145-148.)[3] Ordinarily, "community property personal injury damages"

___

[2] "'[C]ommunity property personal injury damages' means all money or other property received . . . for damages for . . . personal injuries . . . if the cause of action for such damages arose during the marriage . . . unless such money or other property has been commingled with other community property." (§ 4800, subd. (c).)

[3] In this case, the specially adapted mobilehome is to husband what an artificial limb is to a spouse who had lost use of that limb. Just as the artificial limb is not subject to division as ordinary community property, neither should the specially adapted mobilehome. As we view section 4800, subdivision (c), however, it is not essential that any item purchased with community property personal injury damages be specially adapted for the injured spouse to avoid treatment

lose their character only if irretrievably *"commingled* with *other* community property." (§ 4800, subd. (c); italics added.)

Wife contends however that the fact that the parties took title to both of these items in joint tenancy requires they be treated as ordinary community property. She seeks to transmute community property personal injury damages into ordinary community property. Wife notes that when a spouse uses separate property to purchase a family residence and title is taken in joint tenancy or by community property, the residence will be deemed to be community property in the absence of a showing of any agreement to the contrary. (§ 5110; *In re Marriage of Lucas* (1980) 27 Cal.3d 808, 815 [166 Cal.Rptr. 853, 614 P.2d 285]; *In re Marriage of Hayden* (1981) 124 Cal.App.3d 72, 76-77 [177 Cal.Rptr. 183]; *In re Marriage of Cademartori* (1981) 119 Cal.App.3d 970, 975 [174 Cal.Rptr. 292].) There is no reason, wife argues, why a family residence purchased during marriage with community property personal injury damages should not be subject to these same principles of law. Because there was no evidence presented regarding any agreement or understanding between the parties concerning their respective interests in the residence and realty, wife asserts the trial court was required to treat these items as ordinary community property, irrespective of the source used to purchase them. Again, we disagree.

The point missed in wife's argument is that the rules regarding the transmutation of separate property to community property do not apply to community property personal injury damages. Separate property is subject to the complete control of the spouse owning that property. When that spouse voluntarily decides to use separate property for community purposes, it is logical to imply a gift of that property to the community in the absence of any agreement or understanding to the contrary. (See, e.g., *In re Marriage of Lucas, supra,* 27 Cal.3d at pp. 814-817; *Weinberg* v. *Weinberg* (1976) 67 Cal.2d 557, 570 [63 Cal.Rptr. 13, 432 P.2d 709]; 1 Markey, Cal. Family Law (1978) Community Property, § 5.21[6][b], p. 5-43.)

The inferences that can be drawn, however, when separate property is voluntarily used for community purposes cannot be applied to community property personal injury damages. These damages *are* community property and are subject to the management and control of *both* spouses. (§ 5125.) Aside from immediately dissolving the marriage, the injured spouse has no right to segregate community property personal injury damages from the other community property of the marriage. Because community property personal injury damages are community property, it is to be expected that when the parties buy a residence with such proceeds they will take title in joint tenancy or as community proper-

upon dissolution as ordinary community property. To the contrary, using community property personal injury damages to purchase a home and/or car which are not specially adapted for the injured spouse does *not* remove these items from the scope of section 4800, subdivision (c).

ty. Thus, the form of title in which property is taken when purchased with community property personal injury damages is not determinative as to how such property should be divided upon dissolution. ■ ■■■ (See generally, 1 Markey, *op. cit. supra,* at p. 5-29.)[4]

■ In light of this analysis, the only time proceeds from a personal injury award lose their character as community property personal injury damages is, in the absence of an express agreement, when such proceeds have been "commingled" with other community property and it is impossible to trace the source of the property or funds.[5] Generally, "commingling" is a word of art, used to connote the mixture of separate property or funds with community property or funds. (1 Markey, *op. cit. supra,* at p. 5-29.) As used in section 4800, subdivision (c), "commingling" clearly refers to the mixture of community property personal injury damages with *other* community property into one undistinguishable, amorphous mass.

In this case there is no issue for commingling. Although the community property personal injury damages were initially deposited in the couple's joint bank account, the property purchased with the community property personal injury damages was easily traced as the evidence demonstrated, and the parties agree, there was no *other* community property with which these damages could be commingled.[6]

■ We thus examine the award in this case. Having traced all of the parties' community property to the community property personal injury damages, the trial court was required to award this property to husband unless it deter-

---

[4]In this regard, we take issue with one part of the otherwise well-reasoned analysis contained in the Law Revision Report. Relying on *Weinberg* v. *Weinberg, supra,* 67 Cal.2d 557, the Law Revision Report suggests that community property personal injury damages may, by implied agreement, be transmuted into ordinary community property, thus removing such damages from the scope of section 4800, subdivision (c). (Law Revision Report, *supra,* at p. 1397.) This assertion is manifestly incorrect. When *Weinberg* was decided, personal injury damages received from a cause of action accruing during marriage were the *separate property* of the injured spouse. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Community Property, § 14, pp. 5106-5107; § 79, p. 5166.) Separate property, whether by agreement or by gift, may be transmuted into community property. (*Id.,* at pp. 5159-5166.) Because community property personal injury damages *are* community property, however, it is nonsensical to suggest such damages may be removed from the scope of section 4800, subdivision (c), simply because of the manner in which the damages have been used.

[5]See footnote 2, *ante.*

[6]It is obvious the mere mixing of community property personal injury damages with other community property is not sufficient to remove the community property personal injury damages from the scope of section 4800, subdivision (c). Because community property personal injury damages are subject to the management and control of both spouses, it is a natural consequence that the damages might be mixed with other community property. It is only when community property personal injury damages are so mixed with other community property that the damages can no longer be traced and identified that they become "commingled" and section 4800, subdivision (c), is inapplicable.

mined the interests of justice mandated a different disposition. (§ 4800, subd. (c).) The court noted husband has suffered injuries from which in all likelihood he will never recover. The court also considered that the mobilehome has been specially adapted for the husband's benefit and that even with the award of the realty and mobilehome, husband, for the rest of his life, will probably exist at or below the poverty level. In contrast, wife has both the education and ability with which to secure gainful employment and be self-supporting. Exercising its discretion, the court determined the bulk of the community property (the mobilehome and realty) should be awarded to husband, and awarded the remaining community property (some miscellaneous personal property) to wife. This award was a proper exercise of the court's discretion and will not be disturbed on appeal.

Wife asserts the trial court failed to rule on her claim that husband misappropriated personal property after the parties separated. We reject this assertion, noting that as wife failed to request findings of fact and conclusions of law, we must presume the trial court accepted husband's testimony that he was without any resources and that he sold the property in question for the highest value possible. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 310, p. 3118.)

Wife's other assertions have been considered and are without merit.

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.