[Civ. No. 27871. Fourth Dist., Div. Two. Feb. 10, 1983.]

In re the Marriage of LEONA MAE and HOWARD MORRIS.
HOWARD MORRIS, Appellant, v.
LEONA MAE MORRIS, Respondent.

COUNSEL

Shirley & Shirley and Stephen M. Shirley for Appellant.

Tessier & Delano, Caryl E. Delano and Laura McCarthy for Respondent.

OPINION

**KAUFMAN, Acting P. J.**—Howard Morris (husband) appeals from an interlocutory judgment of dissolution of marriage in which the other community property was divided equally but community property consisting of $42,987.72 received in settlement of personal injuries to Leona Mae Morris (wife) was awarded to her in its entirety. Husband appeals contending first, that the court erred in failing to award husband offsetting community property to equalize the division and second, the court in awarding the entire settlement fund to wife

failed to consider whether the "interests of justice require another disposition" as required by subdivision (c) of Civil Code section 4800. We conclude that neither contention is well taken and affirm the judgment. (All statutory references will be to the Civil Code unless otherwise specified.)

The pertinent facts are undisputed. The parties were married July 1964 and were found by the court to have separated on February 15, 1980. On July 5, 1974, wife was injured by a runaway horse. She suffered a cerebral concussion, fractured left clavicle, left basilar skull fracture, injured right wrist and injured acromioclavicolar joint. On April 3, 1978, she received $42,987.72 in settlement of her personal injury claims. At the time of trial wife was 51 years of age, was not employed and had not been employed during the marriage.

Subdivision (a) of section 4800 requires the court upon dissolution of marriage to "divide the community property and the quasi-community property of the parties . . . equally" except upon written agreement of the parties or oral stipulation of the parties in open court.

Subdivision (c) of section 4800, however, provides: "Notwithstanding the provisions of subdivision (a), community property personal injury damages shall be assigned to the party who suffered the injuries unless the court, after taking into account the economic condition and needs of each party, the time that has elapsed since the recovery of the damages or the accrual of the cause of action, and all other facts of the case, determines that the interests of justice require another disposition. In such case, the community property personal injury damages shall be assigned to the respective parties in such proportions as the court determines to be just, except that at least one-half of such damages shall be assigned to the party who suffered the injuries. . . ."[1]

Husband's contention that the court failed to consider the factors suggested by the statute and to determine that the interests of justice required a disposition other than assignment of the settlement proceeds to wife is devoid of merit. There is nothing in the record to which our attention has been directed suggesting that the court failed to consider all of the circumstances, and no abuse of discretion in assigning all of the settlement proceeds to wife has been demonstrated.

Husband's principal contention, however, is that in providing "community property personal injury damages shall be *assigned* to the party who suffered the injuries" (italics added), the Legislature did not intend to create a

---

[1]The parties agree that the personal injury damages involved in this case are properly classified as "community property personal injury damages" within the meaning of subdivision (c) of section 4800. The cause of action arose and the settlement proceeds were paid during the marriage and prior to separation. (See §§ 4800, subd. (c), 5126.)

third class of property, i.e., separate property, community property and property to be assigned without offset. Stated slightly differently, husband's contention is that the provision in subdivision (c) of section 4800 for assignment of community property personal injury damages to the injured spouse was simply meant to insure that the injured spouse will receive a liquid asset and was not intended to change the legislative directive in subdivision (a) of section 4800 that the community property be divided equally. We are not so persuaded.

The opening phrase of subdivision (c) is: "*Notwithstanding* the provisions of subdivision (a)." (Italics added.) That language strongly suggests the Legislature intended the disposition of community property personal injury damages provided for in subdivision (c) to be an exception to the equal division requirement of subdivision (a). That conclusion was reached by Judge Markey in 2 California Family Law Practice and Procedure, pages 24-16—24-17, where he states: "The statute [Civ. Code, § 4800, subd. (c)] is not clear as to how the other community property of the parties is to be divided after the personal injury damages have been assigned to the injured spouse. The two possibilities are: (1) to divide the remainder of the property equally, which will result in an unequal division of the community property; or (2) to offset as much as possible the award of personal injury damages to one spouse by awarding other community property to the other spouse. The first method seems to be fairer and consistent both with the statute which states that it applies notwithstanding the equal division requirement, as well as with the legislative history. The predecessor to Civil Code Section 4800(c), former Civil Code Section 146(c), was passed at the same time that personal injury damages were changed from separate to community property and seems to have been designed to assure that personal injury damages are treated like separate property upon dissolution. [Fn. omitted.]"

Judge Markey's conclusions were cited with approval and followed, albeit without extended discussion, in *In re Marriage of Mason* (1979) 93 Cal.App.3d 215, 222 [155 Cal.Rptr. 350]. An unequal division under subdivision (c) of section 4800 was also approved in *In re Marriage of Devlin* (1982) 138 Cal. App.3d 804 [189 Cal.Rptr. 1] without an express discussion of the ambiguity.

Husband criticizes the *Mason* decision for its uncritical acceptance of Judge Markey's conclusions and asserts that, contrary to the quoted statement, there is nothing in the legislative history of section 4800 that would lead to the conclusion that personal injury damages are to be treated like separate property upon dissolution. Husband states that had that been the legislative intent, the Legislature no doubt would have simply stated that personal injury damages are the separate property of the injured spouse. Husband's criticisms are for the most part not well taken.

The statement of Judge Markey quoted in *Mason* that subdivision (c) of section 4800 seems to have been designed to assure that personal injury damages are treated like separate property upon dissolution is not entirely accurate. The statute is designed to assure that other than in exceptional circumstances, community property personal injury damages, or the bulk thereof, will be awarded to the injured spouse and that under no circumstances will the injured spouse receive less than one-half of such damages. On the other hand, the statute gives the court discretion in exceptional circumstances to assign community property personal injury damages in such proportions as the court determines to be just, subject to the limitation that not less than one-half be awarded to the injured spouse. The court would have no such discretion, of course, had the Legislature simply declared personal injury damages to be the separate property of the injured spouse or if such damages were to be disposed of as the separate property of the injured spouse.

But husband has missed the point of Judge Markey's comment about the legislative history. Judge Markey pointed out that the statutory predecessor to subdivision (c) of section 4800 was Civil Code section 146, subdivision (c), and that that statute was enacted at the same time personal injury damages were changed from separate to community property status with exceptions not here pertinent. (See Stats. 1968, ch. 457, § 5, p. 1079.)

We observe also that the present language of subdivision (c) of section 4800, including the word "assigned," was borrowed by the Legislature almost verbatim from former Civil Code section 146, subdivision (c). As amended in 1968, prior to enactment of the Family Law Act with its requirement of equal property division upon dissolution and at a time the court was authorized to divide the property unequally when the decree of divorce was rendered on the ground of adultery, incurable insanity or extreme cruelty, subdivision (c) of section 146 read: "Without regard to the ground on which the decree is rendered . . . community property personal injury damages shall be assigned to the party who suffered the injuries unless the court, after taking into account the economic condition and needs of each party, the time that has elapsed since the recovery of the damages, and all other facts of the case, determines that the interests of justice require another disposition, in which case the community property personal injury damages shall be assigned to the respective parties in such proportions as the court determines to be just under the facts of the case, but in no event shall more than one-half of the community property personal injury damages be assigned to the spouse of the party who suffered the injuries. . . ." (Stats. 1968, ch. 457, § 1, p. 1077.)

Under former section 146, subdivision (c), when community property personal injury damages were "assigned" to the injured spouse, no offsetting property award was required to be made to the other spouse, and the fact that

the Legislature used the same expression in subdivision (c) of section 4800 further suggests it intended similar consequences.

Finally, if subdivision (c) of section 4800 is interpreted as requiring an award of offsetting property to the uninjured spouse its enactment was hardly necessary; where economic circumstances warrant, the court has authority to award a particular asset to one spouse with offsetting property to the other under subsection (1) of subdivision (b) of section 4800.[2]

In conclusion, although it cannot be said that subdivision (c) of section 4800 is entirely unambiguous, we agree with the *Mason* court, Judge Markey and the trial court in this case that the statutory provision that community property personal injury damages "shall be assigned to the party who suffered the injuries" was intended to be an exception to the equal division mandate found in subdivision (a) of section 4800.

The judgment is affirmed.

McDaniel, J., and Rickles, J., concurred.

---

[2]Section 4800, subdivision (b)(1), reads: "Where economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property."